IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GENO RUDY JOSEPH,**
**ALIEN # A77-854-341,**

    Petitioner,

vs.                                            Case No. 4:08cv389-RH/WCS

**MICHAEL B. MUKASEY,**
**ATTORNEY GENERAL OF THE**
**UNITED STATES, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, filed a petition seeking a writ of habeas corpus under § 2241 on August 29, 2008.  Doc. 1.  Service was directed on September 11, 2008, doc. 3, and on December 2, 2008, Respondents filed their Answer to the § 2241 petition.  Doc. 14.  Due to Petitioner's transfer and concern that mail reached Petitioner, Respondents were directed to file a response advising when and where Petitioner was provided a copy of the Answer.  Doc. 17.  The order noted that after Respondents had complied, another order would be entered providing a deadline for Petitioner to file a Reply to the Answer filed by the Respondents.  *Id.*

On December 4, 2008, Respondents filed the response, doc. 18, and Petitioner filed a notice of change of address, doc. 19, as required.  Prior to reviewing those documents and entering the subsequent order for a deadline, a notice of appearance was filed on behalf of Petitioner.  Doc. 20.  Petitioner simultaneously filed a Response to the Answer filed by Respondents, doc. 21, before the order could be entered.  Thus, the petition is ready for a ruling.

**Allegations of the § 2241 petition, doc. 1**

Petitioner alleges being a native of the Bahamas, having been born in Eleuthra, Bahamas on May 2, 1980.  Doc. 1, pp. 1, 3.  Petitioner contends the Government will not be able to remove him in the reasonably foreseeable future as his native county has refused to issue travel documents for him.  *Id.*, at 1, 5.  Petitioner was ordered removed on November 12, 2002, and the order became final on that date as he did not appeal the removal order. *Id.*, at 4.  Petitioner entered immigration custody on February 13, 2008. *Id.*, at 1.  This petition was filed on August 29, 2008, after Petitioner had been in detention for over six months.  Petitioner does not challenge the order of removal, he only seeks release under <u>Zadvydas</u>, 533 U.S. 768, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).  *Id.*

**The Answer, doc. 14**

Respondents contend Petitioner's detention is lawful, claiming "Petitioner has failed to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future."  Doc. 14, p. 2.  Respondents note that Petitioner filed this case on August 13, 2008, just barely after the expiration of the six months time frame permissible for effecting an alien's removal.  *Id.*, at 4.

Respondents advise that Petitioner made only conclusory allegations that neither the Bahamas nor Haiti would issue travel documents. *Id.*, at 4-5. Respondents suggest that steps are being taken to procure the necessary travel documents. *Id.*, at 5.

Petitioner has dual nationality in both the Bahamas and Haiti. *Id.*, at 5. Efforts were first made to obtain travel documents from the Bahamas where Petitioner was born. *Id.* The request was denied because Petitioner "is not in fact a Bahamaian citizen." *Id.*; *citing* to doc. 14, attachment (Declaration of Deportation Officer Hector Gonzalez)[1] (doc. 14-2, p. 2). Since "learning that Petitioner would not be removed to the Bahamas," ICE has now taken steps to obtain a travel document from the Haitian government." *Id.*, at 5; *see also* Declaration (doc. 14-2, p. 2).

Respondents put forth that Petitioner has a country to which he can be removed, Haiti, but acknowledge that removal has been delayed because "ICE has temporarily suspended removal flights to Haiti for humanitarian reasons due to the adverse affects of a consecutive tropical storm and a hurricane had on Haiti." *Id.*, at 5. Thus, Respondents admit that "a temporary stop has been placed on all ICE removal flights to Haiti for humanitarian purposes." *Id.*, at 6. Respondents allege that when the suspension is lifted, and Petitioner provides the necessary information to ICE, Petitioner can be removed to Haiti. *Id.*, at 6.

The Declaration attached to the Answer states that on June 30, 2008, the Bahamian Consulate General in Miami, Florida denied a request for travel documents

---

[1] All references to exhibits are to the paper copy and page number first, followed by a reference (in parenthesis) to the corresponding document and page in the electronic docket. Both citations are referenced as a pro se litigant will not have access to the court's electronic docket.

for Petitioner.  Doc. 14, Declaration (doc. 14-2, p. 2).  On August 13, 2008, a request was made to obtain travel documents for Petitioner to Haiti.  *Id.*  Petitioner was transferred from the Wakulla County Jail to a facility in Texas to execute his removal.  Doc. 14, Declaration (doc. 14-2, p. 3).  However, Petitioner was returned to the Wakulla County Jail on November 21, 2008.  *Id.*  The Declaration concludes with this information:

> Due to consecutive tropical storms/hurricanes in the Gulf Coast and Caribbean, all the Haitian removals were temporarily suspended.  At this time ICE is awaiting for the Haitian government to resume flights to Haiti.

*Id.*  The Declaration was signed on November 24, 2008, and filed with the Answer on December 2, 2008.

**Petitioner's Reply, doc. 21**

Petitioner was born on May 2, 1980, in the Bahamas to a Haitian mother and Bahamian father.  Doc. 21, p. 1.  Petitioner entered immigration custody on February 13, 2008.  *Id.*, at 2. At this point, Petitioner has been in immigration detention for almost a year.

Petitioner argues that Respondents "have offered only vague assertions that [Petitioner's] removal will somehow be effectuated at some unspecified time in the future, which is insufficient to rebut" the showing made by Petitioner in the petition.  *Id.*, at 3.  Petitioner argues that he has made a *prima facie* showing of entitlement to relief (release from detention) because Respondents have not met their burden to provide evidence sufficient to demonstrate that there is a significant likelihood of effecting Petitioner's removal in the reasonably foreseeable future.  *Id.*, at 2-3.

**Analysis**

This Court has jurisdiction over this § 2241 habeas petition as Petitioner is not challenging a final order of removal, but only seeking release from what he asserts is an unlawful and indefinite period of detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).  In Zadvydas, the United States Supreme Court considered a challenge to 8 U.S.C. § 1231(a)(6) and was asked to decide whether the statute authorized indefinite detention of a removable alien.[2]  The Court held that the continued detention of legal permanent aliens beyond the mandated 90-day removal period was permissible under the Constitution, but only for as long as was "reasonably necessary to bring about that alien's removal from the United States." *Id.*, at 689, 121 S. Ct. at 2498.  "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  *Id.,* at 699, 121 S.Ct. at 2503. For the sake of uniformity, the Zadvydas Court held that "the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.' " Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716, 722, 160 L.Ed.2d 734 (2005), *quoting* Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505.  Furthermore, in Clark v. Martinez, *supra*, the Court extended its interpretation of 8 U.S.C. § 1231(a)(6) to inadmissible aliens.[3]

---

[2] Section 1231(a)(1)(A) provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States.  8 U.S.C. § 1231(a)(1)(A).

[3] The relevant statute provides: "An alien ordered removed who is inadmissible under section 1182 of this title, removable [for violations of nonimmigrant status or entry conditions, violations of criminal laws, or threatening national security] or who has been

The period of time reasonably necessary to effect removal should not be any longer for an inadmissible alien than for an admissible alien.  Clark, 543 U.S. at 386, 125 S.Ct. at 727.  Accordingly, under Clark and Zadvydas, when an alien shows that he has been held more than six months beyond the removal period and his removal is not reasonably foreseeable, a § 2241 petition should be granted.  Clark, 543 U.S. at 386-387, 125 S.Ct. at 727; Benitez v. Wallis, 402 F.3d 1133, 1135 (11th Cir. 2005) (relying on Clark to hold that "an inadmissible alien can no longer be detained beyond the statutory 90-day removal period of § 1231(a)(1), where there was no significant likelihood of removal in the reasonable foreseeable future.").

Under 8 U.S.C. § 1231(a)(1)(A), the government has a 90-day period of time to remove an alien.  However, the removal period "shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."  8 U.S.C. § 1231(a)(1)(C).[4]

Zadvydas established a burden-shifting analysis and, after the presumptive six month removal period has expired, an alien must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

---

determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)."  8 U.S.C. § 1231(a)(6), *quoted in* Benitez v. Wallis, 402 F.3d 1133, 1134 (11th Cir. 2005).

[4] An alien must be detained during the "removal period."  8 U.S.C. § 1231(a)(2).

Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505. Thereafter, "the Government must respond with evidence sufficient to rebut that showing." *Id.* The Court also noted:

> And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*, at 701, 121 S.Ct. at 2505.

In this case, Petitioner has met his burden under Zadvydas because he alleged that his removal order was final before he entered immigration custody, that he has been held in detention for more than six months, and that the Bahamian government has declined to issue a travel document for him. Those facts are not disputed by Respondents. Petitioner has met the *prima facie* showing as required for relief.

Respondents have suggested that Petitioner has not met the second prong, that his removal is not foreseeable, but that is incorrect. Petitioner demonstrated that the Bahamas refused to issue a travel document for him. Respondents then contend that Petitioner could be removed to Haiti. While that may be true, that argument does not show that it is significantly likely that Petitioner will be removed in the *reasonably foreseeable* future. Indeed, Respondents stated that as of November, 2008, the Haitian government has suspended flights to Haiti as a result of the consecutive hurricanes and tropical storms. There is no indication on this record as to *when* the flights might be resumed. Petitioner is detained in limbo because the time for resuming flights cannot be known.

Moreover, as pointed out by Petitioner in the Reply, there is no evidence on this record that the government of Haiti has authorized travel documents for Petitioner. Doc. 21, p. 11. Petitioner suggests it is likely that Haiti will *not* accept him because he was born outside of Haiti and has a criminal record. *Id.*, at 12. Petitioner has never been to Haiti and does not know anyone in Haiti. *Id.*, at 12-13. Petitioner indicates the government of Haiti generally requires having a contact person in Haiti, a condition which Petitioner cannot meet.

At this point, Petitioner has been in detention for nearly a year. Respondents have not come forward with any evidence to rebut Petitioner's showing that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future. Thus, Petitioner is entitled to release from detention. *See* Zadvydas, 533 U.S. at 690 and 699-700, 121 S.Ct. at 2499 and 2504 (concluding that "[w]here removal is not foreseeable, then continued detention is unreasonable, is not authorized by statute, and is not constitutionally permissible.").

The statute governing release provides that if an alien "is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). Such regulations are to require the alien to: "(A) to appear before an immigration officer periodically for identification; (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government; (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney

General prescribes for the alien." 8 U.S.C. § 1231(a)(3).[5]  Respondents should release Petitioner from custody under such terms and conditions deemed necessary pursuant to § 1231(a)(3).

A final comment is warranted.  Flights to Haiti were suspended in late fall, 2008.  If the parties have relevant information as to resumption of flights to Haiti, that may be presented during the period for filing objections.  Notwithstanding, there is still a need a need to show that Haiti has, or will, issue a travel document for Petitioner.

Accordingly, it is **RECOMMENDED** that the petition for a writ of habeas corpus, doc. 1, filed by **Geno Rudy Joseph, Alien # A77-854-341**, pursuant to 28 U.S.C. § 2241, be **GRANTED**, and the Court **ORDER** that Petitioner be immediately released upon conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3).

**IN CHAMBERS** at Tallahassee, Florida, on January 21, 2009.

        s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[5] Inadmissible or criminal aliens must be subject to terms of supervision.  8 U.S.C. § 1231(a)(6).

Case No. 4:08cv389-RH/WCS